IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ROTHSCHILD BROADCAST DISTRIBUTION SYSTEMS, LLC, <br><br> Plaintiff, <br><br> v. <br><br> CHECKVIDEO, LLC, <br><br> Defendant. | ) ) ) ) ) ) ) C.A. No. 21-629 (MN) ) ) **JURY TRIAL DEMANDED** ) ) |

## ANSWER TO COMPLAINT

Defendant CheckVideo, LLC ("CheckVideo" or "Defendant") by and through the undersigned counsel, hereby answers and asserts defenses ("Answer") to the Complaint filed on April 30, 2021 ("Complaint," D.I. 1) by Plaintiff Rothschild Broadcast Distribution Systems, LLC ("Rothchild" or "Plaintiff").

### PARTIES

1. CheckVideo lacks sufficient information to form a belief as to the truth or falsity of the allegations in paragraph 1 of the Complaint and, on that basis denies them.

2. CheckVideo admits that CheckVideo, LLC is a Delaware limited liability company with its principal place of business at 6402 Arlington Blvd., Lobby Level, Fall Church, VA 22042.

### JURISDICTION AND VENUE

3. CheckVideo admits that Plaintiff purports to allege an action for patent infringement arising under the patent laws of the United States. CheckVideo denies any and all allegations of infringement. CheckVideo denies that Plaintiff is entitled to any requested relief.

4. CheckVideo admits that Plaintiff purports to allege an action for patent infringement arising under the patent laws of the United States and that this Court has subject

matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a), provided that standing and other requirements are met.  CheckVideo denies any remaining allegations of the Complaint.

5. CheckVideo admits that this Court has personal jurisdiction over CheckVideo for purposes of this action.  CheckVideo denies the remaining allegations in paragraph 8 of the Complaint, including any allegations of patent infringement.

6. CheckVideo admits that it has conducted business in this District.  CheckVideo denies any and all allegations of infringement.

7. CheckVideo admits that venue is proper in this District for purposes of this action.  CheckVideo denies that this District is the most convenient venue for this action.

## BACKGROUND

8. CheckVideo admits that United State Patent No. 8,856,221 ("'221 Patent") entitled "System Broadcast Content in a Cloud-Based Computing Environment" identifies October 7, 2014 as its issue date by the United State Patent and Trademark office ("USPTO"), and that a purported copy is attached as Exhibit A to the Complaint.  CheckVideo denies the remaining allegations of paragraph 8 of the Complaint.

9. CheckVideo lacks sufficient information to form a belief as to the truth or falsity of the allegations of paragraph 9 of the Complaint, and on that basis, denies them.

10. CheckVideo lacks sufficient information to form a belief as to the truth or falsity of the allegations of paragraph 10 of the complaint, and on that basis, denies them.

11. CheckVideo admits that on its face the '221 Patent contains thirteen claims including two independent claims (claims 1 and 7) and eleven dependent claims.

## COUNT ONE
### (Alleged Infringement of United States Patent No. 8,856,221)

12. CheckVideo incorporates paragraphs 1-11 as if fully set forth herein.

- 3 -

13. CheckVideo admits that Plaintiff purports to allege an action for patent infringement arising under the patent laws of the United States, but CheckVideo denies that the allegations have any merit.

14. CheckVideo admits that a purported copy of the '221 Patent is attached to the Complaint and that CheckVideo has been served with the Complaint. CheckVideo denies the remaining allegations of paragraph 14 of the Complaint, including any allegations of infringement.

15. Denied.

16. Denied.

17. Denied.

18. Denied.

19. Denied.

20. Denied.

21. Denied.

22. Denied.

23. Denied.

24. Denied.

25. Denied.

26. Denied.

27. Denied.

28. Denied.

29. Denied.

30. Denied.

31. Denied.

32. Denied.

33. Denied.

34. Denied.

35. Denied.

36. The allegations in this paragraph contain a legal conclusion to which no response is required. To the extent a response is required, denied.

37. Denied.

38. CheckVideo admits that Exhibit A purports to be a copy of the '221 Patent.

39. The allegations in this paragraph contain a legal conclusion to which no response is required. To the extent a response is required, denied.

40. The allegations in this paragraph contain a legal conclusion to which no response is required. To the extent a response is required, denied.

41. The allegations in this paragraph contain a legal conclusion to which no response is required. To the extent a response is required, denied.

42. The allegations in this paragraph contain a legal conclusion to which no response is required. To the extent a response is required, denied.

43. Denied.

### PLAINTIFF'S DEMAND FOR JURY TRIAL

44. Plaintiff's demand for jury trial does not require a response.

### PLAINTIFF'S PRAYER FOR RELIEF

CheckVideo incorporates by reference all preceding paragraphs of this Answer as if fully set forth herein. CheckVideo denies any and all allegations of patent infringement in the

Complaint. CheckVideo denies all allegations that Plaintiff is entitled to any relief requested in paragraphs "a-d" of the Complaint's Prayer for Relief, or any other relief.

## ADDITIONAL DEFENSES

CheckVideo asserts the following additional defenses to the Complaint. In doing so, CheckVideo does not assume any burden of proof on any issue that is Plaintiff's burden as a matter of law. CheckVideo also reserves the right to amend or supplement these defenses as additional facts become known.

## FIRST DEFENSE: FAILURE TO STATE A CLAIM

The Complaint fails to state a cause of action against CheckVideo for which relief can be granted.

## SECOND DEFENSE: NON-INFRINGEMENT ('221 PATENT)

CheckVideo has not infringed, and currently does not infringe, any valid claim of the '221 Patent and is not liable for any infringement.

## THIRD DEFENSE: INVALIDITY ('221 PATENT)

One or more claims of the '221 Patent are invalid for failure to meet one or more of the conditions for patentability specified in Title 35, U.S.C., or the rules, regulations, and laws related thereto, including, without limitation, 35 U.S.C. § 101 and one or more of 35 U.S.C. §§ 102, 103, and/or 112.

## FOURTH DEFENSE: PROSECUTION HISTORY ESTOPPEL

The relief sought by Plaintiff is barred, in whole or in part, under the doctrine of prosecution history estoppel due to amendments and/or statements made during prosecution of the patent-in-suit.

**FIFTH DEFENSE: UNAVAILABILITY OF INJUNCTIVE RELIEF**

Plaintiff is not entitled to injunctive relief, as a matter of law, and cannot satisfy the requirements applicable to injunctive relief in any form.

**SIXTH DEFENSE: LIMITATION ON DAMAGES AND COSTS**

Plaintiff's claim for damages is barred, in whole or in part, by 35 U.S.C. §§ 286 or 287. To the extent any claim of the patents-in-suit is invalid, Plaintiff is barred from recovering costs by 35 U.S.C. § 288.

**SEVENTH DEFENSE: GOOD FAITH**

CheckVideo has engaged in all relevant activities in good faith, thereby precluding Plaintiff, even if it prevails, from recovering its reasonable attorneys' fees or costs under 35 U.S.C. § 285.

**RESERVATION OF ADDITIONAL DEFENSES**

CheckVideo reserves the right to assert additional defenses in the event that discovery or other analysis indicates that additional defenses are appropriate.

**PRAYER FOR RELIEF**

WHEREFORE, CheckVideo prays for judgment with respect to Plaintiff's Complaint and CheckVideo's defenses as follows:

    a.    A judgment in favor of CheckVideo denying Plaintiff all relief requested in its Complaint and dismissing its Complaint with prejudice;

    b.    A judgment against Plaintiff finding that CheckVideo has not and does not infringe and is not liable for any infringement of any valid and enforceable claim of the '221 Patent;

    c.    A judgment against Plaintiff finding that one or more claims of the '221 Patent are patent ineligible and/or invalid;

      d.      A judgment that this is an exceptional case within the meaning of 35 U.S.C. § 285 and awarding CheckVideo its reasonable attorneys' fees;

      e.      An award of costs to CheckVideo; and

      f.      Such other relief as the Court shall deem just and proper.

## REQUEST FOR JURY TRIAL

CheckVideo hereby requests a trial by jury on all issues so triable including specifically on Plaintiff's claims and CheckVideo's defenses thereto.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Karen Jacobs*

_____

| | |
|---|---|
| OF COUNSEL: | Karen Jacobs (#2881) |
| | Cameron P. Clark (#6647) |
| Erik B. Milch | 1201 North Market Street |
| COOLEY LLP | P.O. Box 1347 |
| Reston Town Center | Wilmington, DE 19899-1347 |
| 11951 Freedom Drive | (302) 658-9200 |
| 14th Floor | kjacobs@morrisnichols.com |
| Reston, VA 20190-5656 | cclark@morrisnichols.com |
| (703) 456-8000 | |
| | *Attorneys for Defendant CheckVideo, LLC* |
| Reuben H. Chen | |
| Lam K. Nguyen | |
| COOLEY LLP | |
| 3175 Hanover Street | |
| Palo Alto, CA 94304-1130 | |
| (650) 843-5000 | |

July 6, 2021

## CERTIFICATE OF SERVICE

I hereby certify that on July 6, 2021, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to all registered participants.

I further certify that I caused copies of the foregoing document to be served on July 6, 2021, upon the following in the manner indicated:

| | |
|---|---|
| David W. deBruin<br>GAWTHROP GREENWOOD, PC<br>3711 Kennett Pike, Suite 100<br>Wilmington, DE 19807<br><br>*Attorneys for Plaintiff* | *VIA ELECTRONIC MAIL* |
| Jay Johnson<br>KIZZIA JOHNSON, PLLC<br>1910 Pacific Ave., Suite 13000<br>Dallas, TX 75201<br><br>*Attorneys for Plaintiff* | *VIA ELECTRONIC MAIL* |

*/s/ Karen Jacobs*

Karen Jacobs (#2881)